**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06cv30**

| | |
|---|---|
| MICHAEL A. and MARGE IANNUCCI, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| ALSTATE PROCESS SERVICE, INC.; ) | |
| STEVEN J. BAUM, P.C.; DEUTCHE ) | |
| BANK NATIONAL TRUST CO. OF ) | |
| CALIFORNIA, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants Steve Baum., P.C.'s and Deutche Bank National Trust Co. of California's (hereinafter "Bank defendants") Motion to Dismiss (#15) and defendant Allstate Process Service, Inc.'s Motion to Dismiss (hereinafter "Allstate") (#18). A preliminary review of the pleadings reveals that plaintiffs are proceeding *pro se* and may not be aware of the briefing and response requirements of Local Rules 7.1 and 7.2.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), plaintiffs, who are proceeding *pro se*, are cautioned that motions to dismiss for failure to state a cause of action and for lack of personal jurisdiction have been filed which may result in the dismissal of this action. Rule 12(b)(2), Federal Rules of Civil Procedure, provides for dismissal where the court lacks personal jurisdiction over a party and Rule 12(b)(6) provides for dismissal where a plaintiff has failed to state a cause of action as a matter of law.

In this case, the Bank defendants contend that no cause has been stated under 42, United States Code, Section1983, this action is time barred, no personal jurisdiction has been established over the defendants, and that the subject matter of this action has been resolved

-1-

by a court in the State of New York. The Allstate defendant moves on similar grounds, and also contends that it is entitled to assert qualified immunity. Generally, the moving defendants contend that this is a frivolous lawsuit.

In responding to the motion to dismiss, plaintiffs must show to the court that it has personal jurisdiction over each and every defendant, that plaintiffs' claims are not time barred or barred by an earlier judgment in another court (*res judicata*), and that defendants were either state actors or acted in concert with state actors in depriving them of some right or privilege secured by federal law.

Finally, plaintiffs are advised that if they fail to respond to defendant's motion, the court will summarily recommend that the Complaint be dismissed. Plaintiffs are also advised that they still have the right to take a dismissal of this Complaint in its entirety under Rule 41(a), Federal Rules of Civil Procedure, by filing a Notice of Dismissal with the Clerk of this court.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs respond to the pending Motions to Dismiss not later than May 17, 2006.

Signed: May 3, 2006

Dennis L. Howell
United States Magistrate Judge